FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 19, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD ALEX JOHNSON,<br><br>Defendant. | No. 1:22-CR-02085-MKD-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 35, 36** |

On Wednesday, January 18, 2023, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 35) and related Motion to Expedite (ECF No. 36). Defendant was represented by Assistant Federal Defender Jennifer Barnes. Assistant United States Attorneys Frances Walker and Chris Bridger represented the United States.

Defendant requests that the Court modify Special Condition Nos. 8–9 and 12 to remove the requirement that he participate in a program of GPS monitoring. ECF No. 35. Defendant's Motion cited the financial burden of GPS monitoring, as well as the cultural burden presented due to Defendant's status as a tribal elder and

ORDER - 1

need to participate in culturally significant ceremonies. *Id*. With regard to the latter, Ms. Barnes further proffered during the hearing that the GPS monitoring device inhibits Defendant's physical ability to participate in such ceremonies, contending that the issue is not merely the visibility of the monitoring device. Both the United States Attorney and the United States Probation/Pretrial Services Office oppose Defendant's request. *Id*.

Ms. Barnes conceded during the hearing that the financial burden to Defendant is not great, and the Court treats it as de minimis. However, the Court must still balance two competing interests. On the one hand, is Defendant's need to participate in ceremonies in order to fulfill his duties as a tribal elder and maintain a connection to his tribal culture. And while the Court appreciates both the social and cultural significance of Defendant's ability to participate in such ceremonies, on the other hand, is the Court's duty to mitigate as part of its conditions of release the danger that Defendant poses to the community.

GPS monitoring aids the Court in fulfilling this duty not only by monitoring a defendant's location, but also by deterring a defendant who may seek to violate the conditions of his release: a momentary lapse in judgment may be overcome by the subtle reminder that one is being monitored. Thus, given the nature of the alleged offense in the present case, the Court finds that GPS monitoring is still necessary at this time.

ORDER - 2

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 36**) is **GRANTED**.

2. Defendant's Motion to Modify Conditions of Release (**ECF No. 35**) is **DENIED**.

**IT IS SO ORDERED.**

DATED January 19, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3